# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-61815-BLOOM/Valle

MANUEL E. RIVAS,

      Plaintiff,

v.

POLLACK AND ROSEN, P.A., *et al.*,

      Defendant.

_____/

## <u>OMNIBUS ORDER</u>

**THIS CAUSE** is before the Court upon Defendant Pollack and Rosen, P.A.'s Motion to Dismiss, ECF No. [19], Defendant Portfolio Recovery Associates, LLC's Motion to Dismiss, ECF No. [25], and Defendant David M. Kaminski's Motion to Dismiss, ECF No. [38] (collectively referred to as the "Motions"). The Court has reviewed the motions, all supporting and opposing submissions, the record and applicable law, and is otherwise fully advised. For the reasons that follow, the Motions are granted.

### I.    BACKGROUND

In the Amended Complaint, Plaintiff Manuel Rivas ("Plaintiff") asserts that he owned a credit card issued by Synchrony Bank. ECF No. [13], at ¶ 22. The debt Plaintiff incurred on his credit card ultimately went into default with Synchrony Bank. *Id.* at ¶ 23. Plaintiff alleges that Defendant Portfolio Recovery Associates, LLC ("PRA") acquired the alleged debt from Synchrony Bank and retained Defendant Pollack and Rosen, P.A. ("Pollack"), to collect the alleged debt. *Id.* at ¶ 24.

On or about August 21, 2018, Defendants PRA and Pollack filed suit against the Plaintiff in Broward County, Florida (the "State Court Action"), seeking to collect the debt. *Id.* at ¶ 26. Plaintiff claims that during the course of the State Court Action, Defendants PRA and Pollack served a Motion for Telephonic Appearance on Plaintiff's counsel. *Id.* at ¶ 28; *see also* ECF No. [13-2] (the "Motion for Telephonic Appearance"). Then, on October 19, 2018, Defendants PRA and Defendant David Kaminski ("Kaminski"), an attorney employed by Defendant PRA, filed a Notice of Voluntary Dismissal of the State Court Action, which was subsequently mailed to the Plaintiff's home address. *Id.* at ¶ 29; *see also* Exh. C, ECF No. [13-3] ("Voluntary Dismissal").

Plaintiff alleges that neither the Motion for Telephonic Appearance nor the Voluntary Dismissal contained a disclosure of the Defendants' status as Debt Collectors, which Plaintiff maintains is required by 15 U.S.C. §1692e(11). *Id.* at ¶¶ 36-37. Plaintiff claims that the Voluntary Dismissal was "issued in connection with the collection of the debt as it was without prejudice setting the stage for future collection efforts including refilling of the suit." *Id.* at ¶ 39.

As a result of the conduct alleged above, Plaintiff asserts that the Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Plaintiff asserts the following claims against the remaining[1] Defendants:

> Count I – a claim for violation of 15 U.S.C. §1692a(2) for communicating with a consumer represented by counsel by mailing the Voluntary Dismissal to the consumer's home address against Defendant Pollack;
>
> Count II – joint and several liability for the conduct alleged in Count I against Defendant PRA;
>
> COUNT III - a claim for violation of 15 U.S.C. §1692a(2) for communicating with a consumer represented by counsel by mailing the Voluntary Dismissal to the consumer's home address against Defendant Kaminski;

---

[1] Plaintiff voluntarily dismissed Defendant Melanie S. Weseman on October 14, 2019. *See* ECF No. [28].

COUNT IV - a claim for violation of 15 U.S.C. §1692e(11) for failing to disclose counsel's status as a debt collector on its Motion for Telephonic Appearance against Defendant Pollack;

COUNT V – joint and several liability for the conduct alleged in Count IV against Defendant PRA;

COUNT VII - a claim for violation of 15 U.S.C. §1692e(11) for failing to disclose counsel's status as a debt collector in its Voluntary Dismissal of the State Court Action against Defendant PRA;

COUNT VIII - joint and several liability for the conduct alleged in Count VII against Defendant Pollack; and

COUNT IX - a claim for violation of 15 U.S.C. §1692e(11) for failing to disclose counsel's status as a debt collector in its Voluntary Dismissal of the State Court Action against Defendant Kaminski.

*See generally* ECF No. [13].

Defendant PRA has moved to dismiss the claims asserted against it, arguing that Plaintiff has failed to state a cause of action under the FDCPA. Defendant contends that the documents forming the basis of Plaintiff's lawsuit -- the Motion for Telephonic Appearance and the Voluntary Dismissal -- fall under the formal pleading exception contemplated under the §1692e(11). *See generally* ECF No. [19]. Defendants Pollack and Kaminski also move for dismissal on this ground. *See* ECF No. [26]; *see also* ECF No. [38]. Defendant PRA further argues that the Motion for Telephonic Appearance and the Voluntary Dismissal are not subject to §1692e because they do not constitute communications "in connection with the collection of any debt," nor were they documents, which were even connected to the collection of a debt. ECF No. [25], at 7-10.

## II.    LEGAL STANDARD

Under Federal Rules of Civil Procedure 12(b)(6), a motion to dismiss lies for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading in a civil

action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). To survive a motion to dismiss, a complaint must contain factual allegations, which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While it "does not need detailed factual allegations," a complaint requires "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "naked assertion[s] devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this rule does not apply to legal conclusions; courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*,

449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

## III.    DISCUSSION

### a.    *The Formal Pleading Exception*

Plaintiff bases his claims for the failure to disclose the Defendants' status as a debt collector on the following provision of the FDCPA:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11). Thus, Plaintiff contends that the Defendants violated his statutorily conferred right to a disclosure warning when they failed to include this warning in its Motion for Telephonic Appearance and the Voluntary Dismissal. In the Motions, the Defendants argue that the Plaintiff has failed to state a cause of action under the FDCPA pursuant to § 1692e(11) because the two documents forming the basis of the lawsuit are exempt from the disclosure requirements. ECF Nos. [19], at 3-4; [25], at 3-6; [38], at 2-4.

In Response, Plaintiff argues that it has sufficiently plead violations pursuant to 15 U.S.C. § 1692e(11), because "formal pleading" does not include all litigation documents, but rather only those documents as defined in Federal Rule of Civil Procedure 7(a). ECF No. [26], at 2. Plaintiff further contends that the Court is required to presume that Congress "meant what it said" in reviewing the plain language of § 1692e(11). *Id.* at 2.

The Eleventh Circuit Court of Appeals has yet to define what constitutes a formal pleading for purposes of § 1692e(11). *See Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1299 n.6 (11th Cir. 2015) ("We need not determine whether the sworn reply filed by Appellees is, in fact, a 'procedural filing' or whether a 'procedural filing' would or could never qualify as a 'formal pleading' under § 1692(11) because the instant appeal does not implicate the particular requirements of that subsection."); *see also Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1303 (11th Cir. 2014) (holding that a letter written to a debtor was not a formal pleading because it was addressed "Dear Property Owner," was on a firm's letterhead and "not a court's," and the only references to a lawsuit were fleeting, and no reasonable person could consider it to be a pleading). Another Court within this District, however, has recently addressed this very issue, in a case substantial similar to the instant action. *See D'Altilio v. Noam J. Cohen, P.A.*, 2018 WL 5263972 (S.D. Fla. Oct. 23, 2018).

In *D'Altilio v. Cohen*, the District Court for the Southern District of Florida dismissed an action with prejudice, after finding that the litigation documents at issue were "formal pleadings" as contemplated by the formal pleading exception in 15 U.S.C. § 1692e(11). *D'Altilio*, 2018 WL 5263972, at *3. In that case, the plaintiff alleged that the defendant debt collector violated the FDCPA by mailing to the plaintiff copies of its discovery interrogatories and motion for contempt, neither of which contained a disclosure indicating the defendant's status as a debt collector. *Id.* at *2. The defendant moved to dismiss the action, arguing that the documents at issue fell under the formal pleading exception to the disclosure requirements of § 1692e(11).

Like the Plaintiff here, the plaintiff in *D'Altilio* also argued that the Court should narrowly interpret "formal pleading" to mean solely the documents identified in Federal Rule of Civil Procedure 7(a). *Id.* at *3. However, the district court rejected the argument, finding that a "a

broader interpretation is consistent with common sense and the underlying purpose of § 1692e(11)." *Id.* at \*4. The *D'Altilio* Court found that "[a]though § 1692e(11) provides a right to receive certain disclosures, the same subsection specifies that the disclosure requirement "***shall not apply*** to a formal pleading made in connection with a legal action." *Id.* (emphasis in original). The court, therefore, held that the disclosure requirements did not apply to the documents at issue. *Id.* The court noted that this interpretation of the formal pleading exception was consistent with other district courts, who have regularly held that a "variety of litigation-related documents qualify under the 'formal pleading' exception.'" *Id.* at \*3 (citing *Stephens v. Manley Deas Kochalski, LLC*, No. CV 17-2470, 2017 WL 5454458, at \*6 (E.D. Pa. Nov. 14, 2017) (evidence of the law firm's role as a debt collector was apparent from the initial Complaint and subsequent communications attaching an amended complaint, a notice, and a preacipe were all formal pleadings covered under the exception); *Lambe v. Allgate Financial LLC*, No. 16-cv-24407, 2017 WL 3115755, at \*2 (S.D. Fla. July 20, 2017) (holding that a response to a motion to dismiss constituted a formal pleading); *McKee v. Ingram Law Office, LLC*, No. 15-1201, 2016 WL 6157807, at \*4 (N.D. Ala. Oct. 24, 2016) (holding that an attorney's notice of appearance and motion to revive judgment constituted formal pleadings); *Bohannon v. LVNV Funding, LLC*, No. 14-0354, 2015 WL 893362, at \*4 (E.D. Va. Mar. 2, 2015) (holding that affidavits attached to warrants in debt fall under the FDCPA's formal pleading exception); *Lilly v. RAB Performance Recoveries, LLC*, No. 12-0364, 2013 WL 4010257, at \*4 (E.D. Tenn. Aug. 5, 2013) (holding that a sworn affidavit attached to a civil warrant is a formal pleading under the FDCPA); *Motherway v. Gordon*, No. 09-CV-05605-RBL, 2010 WL 2803052, at \*3 (W.D. Wash. July 15, 2010)(where communications identified that law firm was a debt collector, exception applied despite complaint and summons not containing identifying language to that effect); *Acosta v. Campbell*, No. 6:04CV761ORL28DAB, 2006 WL 146208, at

*14 (M.D. Fla. Jan. 18, 2006)(noting that the initial pleading gave "ample notice that the foreclosure was instigated by the debt collecting law firm" and ruling that motions, verifications, and other discovery documents were covered under the exception). The court concluded that this interpretation of the formal pleading exception kept with the "principles of logic." *D'Altilio*, 2018 WL 5263972, at *3.

Here, the Court agrees with the Defendants and the *D'Altilio* Court that a broader application of the formal pleading exception applies. This Court, therefore, joins in the *D'Altilio* Court's reasoning that to limit the exception's application solely to the documents outlined in Federal Rule of Civil Procedure 7(a) would be illogical. Such application would frustrate Congress' clear intent of the FDCPA, which in part was to ensure that a debtor was aware of when a debt was being collected against him. Plaintiff cannot reasonably, nor in good faith, argue that he was not aware that a debt was being collected against him once a lawsuit was initiated against him *for that very purpose*. As one district court explained, the formal pleading exception was "Congress attribut[ing] to the debtor the common sense to know that when a creditor sues him, the creditor wants to collect the debt, and that what the debtor tells the creditor can be used in the collection case." *Bohannon*, 2015 WL 893362, at *4; *see also Motherway*, 2010 WL 2803052, at *3 (stating that it would be "fundamentally nonsensical" to find that motions for summary judgment are not covered by the formal pleading exception).

Further, unlike in *D'Altilio*, the litigation documents at issue in this case do not even seek action arguably against the interest of the Plaintiff. Indeed, the Motion for Telephonic Appearance, was merely a request by the plaintiff in the State Court Action to allow the plaintiff's witness to appear at a proceeding telephonically. ECF No. [13-2]. Additionally, the Voluntary Dismissal, terminated the entirety of the lawsuit pending in the State Court Action against the Plaintiff. Surely,

if the litigation documents in *D'Altilio*, which sought the continued prosecution of a case against him, were not actionable under § 1692e(11), then the documents at issue in the instant action are also not actionable. Because the Court finds that the Motion for Telephonic Appearance and the Voluntary Dismissal are clearly "formal pleadings" as contemplated by the exception, Plaintiff has failed to state a claim that the Defendant violated the FDCPA. Accordingly, Plaintiff's claims that relate to failure to comply with the disclosure requirements of § 1692e(11), Counts IV, V, VII, VIII, IX, are subject to dismissal.

### b. *Communications in Connection with the Collection of Any Debt*

Plaintiff contends that communicating with a consumer, represented by counsel, by mailing a copy of the Voluntary Dismissal to the Plaintiff's home address violates the following provision of the FDCPA:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

15 U.S.C. § 1692c(a)(2). In its Motion, Defendant PRA further argues that dismissal of Plaintiff's claims related to the communication of a debtor represented by counsel (Counts I-III) are appropriate. Defendant argues that the Voluntary Dismissal does not constitute a communication "in connection with the collection of any debt," and thus cannot form the basis for Plaintiff's claims. ECF No. [25], at 7-10. Plaintiff argues in response that the FDCPA "broadly extends to any act" in connection with debt collection. ECF No. [40]. Plaintiff claims that "[u]nder Portfolio's interpretation of the statutory language, a communication can violate the FDCPA only if its

purpose is to induce repayment—that is, if the communication is itself a debt-collection attempt . . . But the statute, by its plain language, is not limited to communications that attempt to collect a debt . . [and] extends to any act." *Id.* at 2.

The Eleventh Circuit Court of Appeals has previously held that "[w]hen determining whether a communication is 'in connection with the collection of any debt,' we look to the language of the communication in question—specifically to statements that demand payment and discuss additional fees if payment is not tendered." *Farquharson v. Citibank, N.A.*, 664 F. App'x 793, 801 (11th Cir. 2016) (citing *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012) (looking "specifically to the statements in the letter that the lender demanded full and immediate payment, threatened that unless the debtor paid attorneys' fees would be added, and stated that the law firm was attempting to collect a debt, and was acting as a debt collector" when determining that the communication was an attempt to collect a debt.).

Here, the document which forms the basis of each of Plaintiff's three claims of alleged violation of § 1692c(a)(2), for communicating with a consumer represented by counsel, is the Voluntary Dismissal. *See* ECF No. [13], at 6-7. In the Amended Complaint, Plaintiff alleges that the Voluntary Dismissal was "setting the stage for future collection efforts including refilling [*sic*] of the suit." ECF No. [13], at ¶ 39. After a close review of the Voluntary Dismissal, it is clear that such document cannot reasonably be inferred to be a communication made "in connection with" the collection of a debt. Indeed, while the dismissal states it is without prejudice, nowhere in the language of the Voluntary Dismissal does the document "demand payment" of a debt whatsoever. *Farquharson*, 664 F. App'x at 801. Rather, the document's purpose was to terminate the State Court Action against the Plaintiff in its entirety. Thus, the Court agrees with Defendant PRA that the Voluntary Dismissal was not a communication made in in connection with the collection of a

debt, and thus cannot form the basis of Plaintiff's lawsuit. Therefore, Plaintiff has also failed to state claims under § 1692c(a)(2), and Counts I-III are subject to dismissal.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Pollack's Motion to Dismiss, **ECF No. [19]**, is **GRANTED**.

2. Defendant PRA's Motion to Dismiss, **ECF No. [25]**, is **GRANTED**.

3. Defendant Kaminski Motion to Dismiss, **ECF No. [38]**, is **GRANTED**.

4. The Amended Complaint, **ECF No. [13]**, is **DISMISSED WITH PREJUDICE**.

5. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

6. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on December 2, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record