# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-61815-BLOOM/Valle

MANUEL E. RIVAS,

      Plaintiff,

v.

POLLACK AND ROSEN, P.A.,

      Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendants', Pollack & Rosen, P.A. and David
Kaminski's (collectively, "Defendants"), Verified Motion for Attorneys' Fees, ECF No. [49]
("Motion"), following the Court's Order granting dismissal with prejudice in this action on
December 2, 2019. *See* ECF No. [46]. Plaintiff filed a response in opposition to the Motion, ECF
No. [52] ("Response"). The Court has reviewed the Motion, the Response, the record in this case,
the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## I.      BACKGROUND

Defendants represent that on November 15, 2019, they served Plaintiff with an offer of
judgment pursuant to Rule 68, Fed. R. Civ. P., which offer Plaintiff did not accept within fourteen
days. ECF No. [49] at ¶¶ 1-2. The Motion now seeks an award of fees in the amount of $1,022.50.
That sum represents the attorney's fees incurred by Defendants since the offer of judgment was
sent. *Id.* at ¶¶ 6-7. According to Defendants, attorneys Seth Kolton and Andrew Rothstein
collectively billed 4.9 hours on the matter at $175.00/hour, and paralegal Michelle Arty billed 1.5
hours on the matter at $110.00/hour. *Id.* at ¶ 8. Defendants argue that the Motion was made in

compliance with Local Rule 7.3 and that the award of attorney's fees is authorized pursuant to Rule 68 and Fla. Stat. § 768.79 and covers the period from the date the offer of judgment was rejected through the date of entry of final judgment for costs and attorneys' fees. *Id.* at ¶¶ 10-12.

Plaintiff responds by characterizing the Motion as frivolous and harassing, an "abusive use of the judicial system," and he requests that Defendants and their counsel be sanctioned by paying Plaintiff's attorney's fees incurred "in this unnecessary motion practice." ECF No. [52] at 7-9. In Plaintiff's view, no reasonable attorney could have brought the Motion on the grounds alleged by Defendants, especially in light of the Court's denial of Defendant's motion for bill of costs, ECF No. [48], on January 3, 2020, and of Plaintiff's counsel's pre-filing January 16, 2020 opposition to the Motion that made clear that "Rule 68 shifts costs and under the FDCPA attorney's fees are not an element of costs." *Id.* at 8-9 (quoting ECF No. [52-10]).

According to Plaintiff, the Complaint alleged causes of action for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and that statute does not include attorney's fees within the definition of "costs." *Id.* at 2-3. He adds that Fla. Stat. § 768.79, Defendants' justification for fees, is irrelevant to the instant analysis because Plaintiff's claims were brought in federal court pursuant to federal law. *Id.* at 8. He also maintains that the Motion is procedurally improper in that it does not comply with Local Rule 7.3. *Id.* at 1-2. Specifically, Plaintiff contends that Defendants served the Motion on January 2, 2020, but did not provide supporting exhibits at that time. Plaintiff relays that after making three requests for the omitted exhibits to gauge Defendants' representations, Defendants finally provided the exhibits five days later. *Id.* at 4-5. In Plaintiff's view, Defendants' belated service of the exhibits makes the Motion untimely and in violation of Local Rule 7.3(b). *Id.* at 5. Further, he asserts that Defendants also failed to comply with the Local Rules by not conferring on the Motion before filing it. *Id.* at 5-6,

7.

On March 6, 2020, Defendants filed an unopposed motion for extension of time to file a reply in support of the Motion. ECF No. [53]. Counsel represented that a one-week extension was warranted due to scheduling issues and illness within the office. *Id.* The Court granted the motion for extension, ECF No. [54], but Defendants nonetheless did not file a reply nor explain to the Court why they did not reply after having requested an extension. The Motion, accordingly, is ripe for consideration.

## II.   DISCUSSION

Disposing of the Motion raises two overarching issues. The first is whether the Motion provides a satisfactory basis to award Defendants attorney's fees in this circumstance. The second is whether Plaintiff is entitled to an attorney's fee sanction in his favor. The Court will address each issue in turn.

### A.   Defendants are not entitled to attorney's fees in this matter

The Motion does not support an award of attorney's fees in Defendants' favor. First, Plaintiff has correctly argued—and Defendants have not refuted—that a plaintiff's failure to accept an offer of judgment under Rule 68 shifts costs, not attorney's fees. Rule 68(d) provides that "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." *Id.* Although "costs" is not defined in that Rule, Defendants have not pointed the Court to any authority that includes attorney's fees generated in an FDCPA action as within the ambit of "costs."

The Eleventh Circuit has explained that "'costs' awarded by virtue of Rule 68, however, only include attorney's fees if the underlying statute defines 'costs' to include attorney's fees." *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212, 1214 (11th Cir. 1997) (holding that "[b]ecause

3

§ 16(b) of the FLSA does not define 'costs' to include attorney's fees, the district court erred in reserving jurisdiction to award" attorney's fees under Rule 68). The FDCPA, like the FLSA in *Arencibia*, does not encompass attorney's fees within the definition of costs. *See* 15 U.S.C. § 1692k(a)(3) ("in the case of any successful action to enforce the foregoing liability, the costs of the action, *together with a reasonable attorney's fee as determined by the court*.") (emphasis added).

Other courts in this district have held that attorney's fees under the FDCPA are not included within "costs" for purposes of Rule 68. *See Valencia v. Affiliated Grp., Inc.*, 674 F. Supp. 2d 1300, 1305 (S.D. Fla. 2009) ("*Marek* instructs courts to scrutinize the underlying statute upon which the recovery of attorney's fees is based to determine whether Rule 68's cost-shifting provision is triggered in a particular case. Only where it is clear from the underlying statute that attorney's fees are encompassed within costs, is Rule 68 triggered. . . . 'Simply stated, the words 'together with' are substantively and critically different from the phrase 'as part of.' Whereas the latter phrase plainly encompasses attorneys' fees *within* the universe of awardable costs, the former connotes that costs and fees are distinct entities that are commonly awardable.'") (internal citation omitted emphasis in original) (citing *Harmon v. Retrieval Masters Creditors Bureau, Inc.*, 07–80777–CIV–MIDDLEBROOKS (holding that Rule 68's cost-shifting was not triggered where the judgment ultimately obtained in a FDCPA case was the same as the offer, and noting in dicta that the underlying statute in *Marek*, 42 U.S.C. § 1988, which "defined costs to include attorney's fees," was distinct from the underlying statute at issue there, the FDCPA, which "do[es] not define costs to include attorney's fees.")); *Abby v. Paige*, No. 10-23589-CIV, 2013 WL 12246348, at *4 (S.D. Fla. Aug. 2, 2013), *report and recommendation adopted*, No. 10-23589-CIV, 2013 WL 12246349 (S.D. Fla. Oct. 1, 2013) (relying on *Valencia* to conclude that Rule 68

4

was not triggered but noting that "[b]ecause the FDCPA does not include attorney's fees as part of awardable costs, Rule 68 does not limit Plaintiff's recovery of attorney's fees"). Rule 68 therefore, is an improper vehicle for shifting attorney's fees in this instance.

Second, the Motion is procedurally improper in that it fails to comply with the Local Rules in two key respects. The Motion does not include a pre-filing certificate of conferral with counsel pursuant to L.R. 7.1(a)(3). Although this alone is not fatal in light of the record,[1] the Motion, additionally and more importantly, does not comply with L.R. 7.3. That Rule provides as follows:

**(a) Motions for Attorneys Fees and/or Non-Taxable Expenses and Costs.** This rule provides a mechanism to assist parties in resolving attorneys fee and costs disputes by agreement. A motion for an award of attorneys fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion, as described in paragraph (b) below, has been completed. The motion shall:

(1) be filed and served within sixty (60) days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings;
(2) identify the judgment or other order which gives rise to the motion, as well as the statute, rule, or other grounds entitling the moving party to the award;
(3) state the amount sought;
(4) disclose the terms of any applicable fee agreement;
(5) provide:
(A) the identity, experience, and qualifications for each timekeeper for whom fees are sought;
(B) the number of hours reasonably expended by each such timekeeper;
(C) a description of the tasks done during those hours; and
(D) the hourly rate(s)claimed for each timekeeper;
(6) describe and document with invoices all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920;
(7) be verified; and

---

[1] The Court is aware that some form of conference was attempted before filing given that Defendants served their Motion on January 2, 2020, ECF No. [52-2], and Plaintiff's counsel corresponded with Defendants' counsel on January 3, 6, 7, 15, and 16, 2020. *See id.* at ECF No. [52-3], [52-4], [52-5], [52-6], [52-9], and [52-10]. Therefore, the record supports the conclusion that the Motion was opposed before it was filed.

(8) certify that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b), describing what was and was not resolved by agreement and addressing separately the issues of entitlement to fees and amount.

Within fourteen (14) days after filing and service of the motion, the respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority. If a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate. Pursuant to Federal Rule of Civil Procedure 54(d)(2)(C), either party may move the Court to determine entitlement prior to submission on the issue of amount. This Local Rule's requirements of disclosure are not intended to require the disclosure of privileged, immune, or protected material.

A party shall seek costs that are taxable under 28 U.S.C. § 1920 by filing and serving a bill of costs and supporting memorandum in accordance with paragraph 7.3(c) below. The costs and expenses sought in a motion under this paragraph shall not include any cost sought in a bill of costs.

**(b) Good Faith Effort to Resolve Issues by Agreement.** Except as to any aspect of a fee claim upon which the parties agree, a draft motion compliant with Local Rule 7.3(a)(1)-(8) must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys fees and/or costs that is governed by this Local Rule. Within twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920. The respondent shall describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority. If a federal statute provides a deadline of fewer than sixty (60) days for a motion governed by Local Rule 7.3(a), the parties need not comply with this paragraph's requirements.

*Id.* at L.R. 7.3(a)-(b).

Here, Defendants served the Motion on January 2, 2020, but that document did not contain an attorney verification nor did it include exhibits supporting Plaintiff's representations. *See* ECF No. [52-2]. On three occasions, Plaintiff's counsel requested the missing information, *see* ECF No. [52] at 4-5, to which Defendants' counsel ultimately responded on January 7, 2020 and included the omitted information. *See id.* at 5. Accordingly, putting aside that the Motion was not properly

verified by counsel when it was served, Defendants did not serve and file it within the timelines provided under L.R. 7.3(b). Likewise, the Motion did not include the certificate mandated by L.R. 7.3(a)(8). Therefore, based on the record, Defendants are not entitled to an award of attorney's fees.

### B. Defendants must show cause why sanctions will not issue

In the Response, Plaintiff requests the Court find the Motion operates as a frivolous abuse of the judicial system and award him his attorney's fees for defending against the Motion. *See* ECF No. [52]. Upon review and consideration, the Court finds Plaintiff's invitation to be warranted.

Defendants knew or should have known that Rule 68 does not provide a legal basis to award attorney's fees. Indeed, the plain language of that Rule refers to shifting costs, not attorney's fees. As noted, while there are certain statutes that authorize fees to be included within the meaning of 'costs,' the FDCPA does not include fees within the scope of 'costs,' and Defendants were alerted to this before they filed the Motion. *See* ECF No. [52-9] and [52-10]. Moreover, even though the Court granted Defendants an extension of time to respond to the Response—which extension Defendants expressly requested on an unopposed basis—they still have not supplied the Court with authority to award fees under Rule 68.

Additionally, the Motion's representation that Defendants are entitled to an award based on Fla. Stat. § 768.79 is entirely misplaced. That statute has no bearing in this action. All of Plaintiff's claims were brought in federal court and pursuant to federal law. No reasonable attorney would have believed that Defendants would be entitled to attorney's fees based on that statute under these circumstances. The Court, moreover, notes that this is the second time in recent memory that Defendants have filed a motion on spurious grounds in which the motion lacks legal authority for the relief requested and where the motion otherwise is procedurally afoul of the Local

Rules. *See* ECF No. [48].

Rule 11(b), Fed. R. Civ. P., provides that by presenting to the court a written motion, an attorney certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending modifying, or reversing existing law or for establishing new law[.]" *Id.* at Fed. R. Civ. P. 11(b)(1)-(2). If, "after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Id.* at Rule 11(c)(1). Further, "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." *Id.* at Rule 11(c)(3). Moreover, a "sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on a motion and warranted for effective deterrence, an order directed payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.* at Rule 11(c)(4). Finally, the court must not impose a monetary sanction "against a represented party for violating Rule 11(b)(2)" or "on its own, unless it issued the show-cause order under Rule 11(c)(3)[.]" *Id.* at Rule 11(c)(5).

In this regard, the Court finds that the Motion is not grounded in an objective legal basis and that Defendants' counsel was aware of the Motion's deficiencies before filing it. The imposition of sanctions against Defendants' counsel, therefore, may be appropriate. Accordingly,

it is **ORDERED AND ADJUGED** that the Motion, **ECF No. [49]**, is **DENIED**. On or before

March 30, 2020, Defendants' counsel shall file a response to this Order to Show Cause and state

why Plaintiff's attorney's fees incurred in defending the Defendants' Motion should not be

awarded to Plaintiff.

      **DONE AND ORDERED** in Chambers at Miami, Florida on March 17, 2020.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

9