UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-61815-BLOOM/Valle

MANUEL E. RIVAS,

    Plaintiff,

v.

POLLACK AND ROSEN, P.A.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon counsel for Defendants', Pollack & Rosen, P.A. and David Kaminski's (collectively, "Defendants"), Response to Order to Show Cause, ECF No. [56] ("Response"). Plaintiff filed a Reply in support of the Order, ECF No. [57] ("Reply"). The Court has reviewed the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised.

On December 2, 2019, the Court entered an Order granting the Defendant's Motions to Dismiss and entered a dismissal with prejudice in this action. *See* ECF No. [46]. On January 31, 2019, Defendants filed a verified motion for attorneys' fees, ECF No. [49] ("Motion"), seeking an award of $1,022.50 based on Rule 68, Fed. R. Civ. P., and Fla. Stat. § 768.79. *Id.* Plaintiff responded in opposition, ECF No. [52]. Defendants then requested an extension of time to reply, ECF No. [53], which the Court granted, ECF No. [54], but no reply was filed.

On March 17, 2020, the Court denied the Motion and found that it was "not grounded in an objective legal basis and that Defendants' counsel was aware of the Motion's deficiencies before filing it." *See* ECF No. [55] at 8 (the "March 17 Order"). The Court further noted that

imposing sanctions against Defendants' counsel may be appropriate, and counsel was ordered to show cause why Plaintiff's attorney's fees incurred in defending the Defendants' baseless Motion should not be awarded to Plaintiff. *Id.* at 8-9.

In the Response, counsel represents that he "acknowledges the basis for the denial of an award of fees" and that he "appreciates the Court's frustration." *See* ECF No. [56] at 1. He "submits that an unfortunate set of circumstances" resulted in his "failure to withdraw the Motion in a timely fashion and prior to" the Court's March 17 Order. *Id.* at 1-2. In particular, he claims that (1) the Motion was prepared with the assistance of an associate attorney that is no longer with counsel's law firm, *id.* at 2; (2) counsel's assistant was ill and out of the office and did not properly calendar Defendants' reply deadline (March 6, 2020), *id.* at 2, but he nevertheless conducted a preliminary review of Plaintiff's response and retrieved copies of case law cited by Plaintiff so as to have "concerns about the Motion," *id.* at 2-3; and (3) despite receiving an extension of time to reply (or withdraw the Motion), counsel did not timely complete his review of Plaintiff's response, his assistant was still sick and out of the office, his paralegal was ill, and counsel was left "without an associate attorney, paralegal, or assistant familiar with this case." *Id.* at 3.

As a preliminary matter, the Court notes that none of these circumstances justify or excuse counsel's actions. First, Counsel cannot plausibly defend his actions in this case on the basis that an associate attorney had a role in assisting with the Motion. Counsel is an officer of the Court, and in this capacity, he has an independent duty under Rule 11 to ensure that his filings are not frivolous and are filed only after a reasonable inquiry was made. That clearly did not occur here. Most importantly, the record shows that before the Motion was filed, Plaintiff attempted to confer on the Motion and sent an email pointing out deficiencies in the Motion. *See* ECF No. [52-9]. Plaintiff also served his response to the Motion the next day and explained that the law did not

support Defendants' request for attorney's fees. *See* ECF No. [52-10]. However, rather than confer, Defendants filed the Motion to their own peril despite ample opportunity to abandon that pursuit.[1]

Second, the health status of counsel's assistant and his co-workers does not exempt counsel from timely acting on his "concerns about the Motion," especially as he had an opportunity to conduct an initial review of Plaintiff's response, including reading and analyzing case law. Plaintiff's response to the Motion was neither complex nor voluminous and it did not require significant labor to analyze. Thus, counsel's supposed dilemma of being left without an associate, paralegal, or assistant familiar with the case is unavailing. Nor does his excuse that he supposedly had not completed his review of Plaintiff's response by the reply deadline fare any better. Simply put, counsel should have withdrawn his Motion rather than seek an extension of time from the Court. At a minimum, he should have filed a reply conceding the Motion's weaknesses after being granted an extension. Instead, he chose not to file anything at all.[2] The Court, therefore, is unpersuaded by counsel's representation that it was not until the March 17 Order issued that he "realized" that he did not reply to the response. The Court similarly rejects counsel's characterization of his actions as "momentary inattention to the sufficiency" of the Motion.

Nonetheless, the Court finds that the imposition of sanctions is unnecessary at this point. The Court has broad discretion in fashioning an appropriate sanction, and Rule 11 does not require

---

[1] The Court acknowledges that the record demonstrates that Plaintiff did not strictly comply with Rule 11(c) in seeking sanctions by serving a motion in advance with a 21-day safe harbor. However, the record is clear that Plaintiff provided notice to counsel on January 15, 2020 about problems with the Motion. ECF No. [52-9]. Additionally, the instant Order to Show Cause was brought on the Court's own initiative in light of the record, regardless of Plaintiff's request that sanctions be imposed.

[2] The Court notes that the COVID-19 pandemic operated in the background during the relevant time period and that counsel had a role in his law firm's preparations relating to the pandemic. Nonetheless, the Court also faces significant difficulties during this time, and it expects all parties and their counsel to fulfill their obligations to each other and to the Court.

that sanctions automatically be imposed even if warranted. Rule 11(c)(4) directs that sanctions imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.* The Court finds that this admonishment plus counsel's apology to the Court, Plaintiff, and Plaintiff's counsel to be sufficient. Although the Court finds that Defendants' counsel was careless and that the Motion was baseless, the Court also notes that the record does not demonstrate that the Motion was filed in bad faith, for delay purposes, or for other improper reasons. In this respect, the Court is satisfied that the March 17 Order has had—and will continue to have—a sufficient deterrent effect on counsel to avoid future repetitive conduct.

Counsel correctly states that "this litigation is for all intents and purposes completed, and over." ECF No. [56] at 5. He professes that he takes his responsibility as an officer of the Court seriously and appropriately "recognizes that the practice of law before this Honorable Court is a privilege, that comes with heavy responsibility[.]" *Id.* He "assures this Court, and opposing counsel, that he will assiduously resolve to abide by and comply with the letter and spirit of the Local Rules for the Southern District, and applicable Federal Rules of Civil Procedure, in his continued practice before the Court." *Id.* at 6. He further correctly explains that the "unpleasant experience of explaining this situation, and responding to the Court's Show Cause Order, has had a significant, indeed sufficient, deterrent effect on [him] to ensure the rigorous compliance with Local Rule 7, and Federal substantive law[.]" *Id.* The Court, therefore, accepts counsel's representations and his apology, and it declines to impose sanctions on him.

Accordingly, it is **ORDERED AND ADJUDGED** that the Order to Show Cause, **ECF No. [55]**, is **DISCHARGED** and this case shall remain **CLOSED**.

Case No. 19-cv-61815-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida on March 31, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Case No. 19-cv-61815-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida on March 31, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record